Judge: Marc Barreca
Chapter 7
Location: U.S. Bankruptcy Court
Location: Via ZoomGov
Date of Hearing: March 22, 2023
Time: 10:00AM
Response Date: March 15, 2023

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>Darrin Lenald Cooper,<br><br><br>Debtors | No.: 20-11937-MLB<br><br>Chapter 7<br><br>MOTION FOR AN ORDER TO APPEAR AND SHOW CAUSE WHY CREDITOR THE SOCIAL SECURITY ADMINISTRATION SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATING THE AUTOMATIC STAY 11 U.S.C. § 362 |

Now comes Debtor, Darrin Lenald Cooper, by and through his attorney, Rachel Edmiston, and respectfully requests this Court to compel an officer for the creditor, the Social Security Administration, ("Creditor"), to appear and show cause why Creditor should not be found in contempt of court for violating the bankruptcy discharge, 11 U.S.C. §524(a)(2), by continuing to recoup Debtor's discharged pre-petition Social Security overpayment from his current payments.

**FACTS**

Prior to filing a Chapter 7 bankruptcy, Debtor applied for Social Security benefits. When Social Security calculated how much he should receive, they did not take into account the worker's compensation payments Debtor was receiving from Boeing. Social Security was aware of the worker's compensation payments, they just did not include that amount when they calculated how

MOTION TO SHOW CAUSE

Curtis, Casteel & Palmer, PLLC
3400 188th St SW, Suite 565
Lynnwood, WA 98037
Phone (425) 409-2745
Fax (425) 491-7178

much he should get from Social Security. Debtor was approved for Social Security benefits and Social Security then sent Debtor a check that covered payments he should have received from the time he became disabled to that point. This resulted in an overpayment of approximately $77,000.

Debtor filed a Chapter 7 bankruptcy on July 21, 2020. The overpayment was not listed because Debtor was not sure that he had been overpaid and Social Security had not indicated what the amount of the overpayment was or that they would try to collect it. Debtor received his discharge on October 21, 2020. He sent Social Security two notices of his bankruptcy filing in October 2020 when they asked for income verification. Social Security continued to pay him monthly until January, 2023.

Debtor did not find out that Social Security was trying to recoup his overpayment until his Social Security payment for January 2023 was not deposited. Debtor went to the Social Security office in Everett, Washington and showed them his discharge order, but was told that Creditor would not accept the bankruptcy discharge because the notice they sent about the pre-petition overpayment was mailed after he received his discharge. On February 14, 2023 Debtor received a letter from Social Security they would withhold $1,893.00 from his monthly benefits. See Exhibit "A" Declaration of Darrin Lenald Cooper.

On January 25, 2023 Counsel faxed and mailed the debtor's discharge order and a letter stating that even debts that are not listed in a no-asset Chapter 7 bankruptcy are discharged to the creditor. Counsel for the debtor contacted the Everett, Washington Social Security office on January 31, 2023 and was told that since Social Security was not listed as a creditor on the original filing, they would not acknowledge the discharge and would continue to recoup the pre-petition overpayment from Debtor's current Social Security payments despite the bankruptcy discharge. See Exhibit "B" Declaration of Counsel

MOTION TO SHOW CAUSE

## LAW AND ARGUMENT

The Social Security Administration argues that they can recoup Debtor's pre-petition overpayment because they were not listed as a creditor in his bankruptcy and that they sent the notice of the overpayment after Debtor's bankruptcy was filed. However, debts owed to creditors in a no-asset Chapter 7 case are still discharged even when they are not listed in a debtor's schedules because there is no deadline to file a proof of claim. See *Beezley v. California Land Title Co.* (*In re Beezley*), 994 F.2d 1433, 1440-41 (9th Cir. 1993) and *White v. Nielsen* (*In re Nielsen*), 383 F.3d 922, 925 (9th Cir. 2004). Therefore, the overpayment Debtor owed to Social Security was discharged even though Social Security was not properly served.

Further, the Social Security Program Operations Manual Systems GN 02215.230 (A)(2)(a) states that:

> "If the bankruptcy court issues a discharge order, it will generally discharge all debts that arose prior to date of filing of the bankruptcy petition as discussed in GN 02215.185C.1.). This includes any penalty assessed due to work and earnings.
>
> If the debtor did not list SSA as a creditor in the bankruptcy petition, in a "no assets" case, such unlisted debts are discharged."

Nowhere in the bankruptcy code does it say that pre-petition debts are not discharged if the creditor notifies the debtor of the debt after the bankruptcy is filed. Such a rule would essentially nullify the Bankruptcy Code.

In this case, Debtor did not list the overpayment in his no-asset Chapter 7 bankruptcy. Debtor subsequently sent Social Security notice of his bankruptcy discharge twice in 2020 and once in January, 2023. Even if Debtor had not notified Social Security of his filing, debts that are unlisted in a no-asset Chapter 7 bankruptcy are discharged. In refusing to accept the discharge and refusing

MOTION TO SHOW CAUSE

Curtis, Casteel & Palmer, PLLC
3400 188th St SW, Suite 565
Lynnwood, WA 98037
Phone (425) 409-2745
Fax (425) 491-7178

to pay the Debtor his monthly Social Security payment in an effort to recoup his discharged overpayment, Creditor has violated the bankruptcy discharge order under 11 U.S.C. §524(a)(2).

Under Section 524(a)(2), a discharge order creates a statutory injunction that bars pre-petition creditors from any "act, to collect . . . any debt as a personal liability of the debtor . . ." 11 U.S.C. §524(a)(2). Creditors who violate the discharge injunction may be held in civil contempt if there is no objectively reasonable basis for concluding that their conduct might be lawful. See *Taggart v. Lorenzen,* 139 S.Ct. 1795, 1801 (2019).

The creditor's subjective intent or good faith belief does not bar a finding of civil contempt, but may be considered in determining the appropriate sanctions. Id. at 1802. A creditor who violates a discharge order may be held in civil contempt if there is no "fair ground of doubt" as to whether their actions were lawful under the discharge order. *Id*. at 1804. When creditors are found in civil contempt for violating the discharge injunction, sanctions can include actual damages and attorney's fees and costs. *Id.* at 1193.

Here, Creditor had no fair ground of doubt when they violated the discharge injunction because their own operating manual clearly stated that debts owed to the Social Security Administration are discharged in a no-asset Chapter 7 bankruptcy even if they are not listed in the Schedules.

In this case, Creditor was given notice of Debtor's bankruptcy discharge, but still withheld Debtor's January benefit payment in order to recoup an overpayment despite that discharge. Upon notice that even unlisted unsecured non-priority debts are discharged in a no-asset Chapter 7 case, Creditor still refused to honor the discharge injunction, denying Debtor the relief that the Bankruptcy Code entitles him to. This refusal caused Debtor's Counsel hours of unnecessary work, amounting to $1015.84.

MOTION TO SHOW CAUSE

Curtis, Casteel & Palmer, PLLC
3400 188th St SW, Suite 565
Lynnwood, WA 98037
Phone (425) 409-2745
Fax (425) 491-7178

**WHEREFORE**, Debtor respectfully moves this Honorable Court for an Order, *inter alia*:

    a. holding Creditors in contempt of this Court for violating the discharge injunction provision(s) of 11 U.S.C. § 524(a),

    b. awarding to Debtor and against Creditors the costs, fees and expenses of this litigation; and

    c. awarding such other and further relief as this Honorable Court deems appropriate.

Respectfully Submitted,

/s/Rachel Edmiston
Rachel Edmiston (43684)
Curtis, Casteel & Palmer, PLLC
3400 188th St. SW STE 565
Lynnwood, WA 98037
redmiston@curtislaw-pllc.com
(425) 409-2745
(425) 491-7178 (fax)

## **CERTIFICATE OF SERVICE**

I certify that on February 15, 2023, a true and correct copy of the motion was served:

Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List.

**Chapter 7 Trustee:**
Michael P. Klein at trusteeklein@hotmail.com

And by regular U.S. mail, postage prepaid on:

US Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

United States Attorney's Office

MOTION TO SHOW CAUSE

Curtis, Casteel & Palmer, PLLC
3400 188th St SW, Suite 565
Lynnwood, WA 98037
Phone (425) 409-2745
Fax (425) 491-7178

700 Stewart St
Suite 5220
Seattle, WA 98101-1271

**Debtor:**
Darrin L. Cooper, 5609 105th Pl SW, Mukilteo, WA 98275

**Creditor:**
The Social Security Administration
Western Program Service Center
PO Box 2000
Richmond, CA 94802-1791

The Social Security Administration
Office of Public Inquiries and Communications Support
1100 West High Rise
6401 Security Blvd.
Baltimore, MD 21235

<u>  2/15/2023  </u>            <u>/s/Rachel Edmiston  </u>
Date                                 Rachel Edmiston (#43684)
                                      Curtis, Casteel & Palmer, PLLC